UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMPSON ADVISORY GROUP, INC., | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:07-CV-0683-G |
| FIRST HORIZON NATIONAL CORPORATION, | ) ) ) ) | **ECF** |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant First Horizon National Corporation ("First Horizon" or "the defendant") to dismiss for failure to state a claim upon which relief can be granted or, alternatively, for a more definite statement. For the reasons set forth below, the motion to dismiss is granted in part and denied in part, and the motion for a more definite statement is denied.

I. BACKGROUND

This case arises out of a breach of contract dispute between the plaintiff Thompson Advisory Group, Inc. ("TAG" or "the plaintiff") and First Horizon. On

May 10, 2006, TAG agreed both to provide its services to evaluate the telecommunications needs of First Horizon and to attempt to reduce First Horizon's telecommunications expenditures in exchange for a contingency fee equaling 25 percent of First Horizon's first year savings.  Plaintiff's Original Petition ("Petition") at 2.

TAG claims that First Horizon breached the contract by refusing to provide the information necessary to complete TAG's duties under the contract as well as by failing to pay 25 percent of the savings associated with the new Verizon contract signed by First Horizon.  Petition at 5.  Additionally, TAG asserts a claim for fraudulent misrepresentation, alleging First Horizon "knowingly made false representations as to material facts and knowingly concealed material information from Plaintiff with the intent of inducing Plaintiff to provide valuable advice and assistance" and that First Horizon had no intention of performing under the contract.  Petition at 7.  Because of this alleged fraud, TAG also seeks to recover punitive damages pursuant to Chapter 41 of the TEX. CIV. PRAC. & REM. CODE ANN.

## II.  ANALYSIS

In this motion, First Horizon asks for four forms of relief.  First, it moves to dismiss the fraud claim because TAG failed to plead fraud with the specificity required by Rule 9(b) or, in the alternative, it moves for a more definite statement of TAG's claim under Rule 12(e).  Second, First Horizon seeks dismissal of the fraud

claim because the cause of action sounds in contract, not in tort.  Third, First Horizon asserts that if the fraud claim is dismissed, there is no legal basis for punitive damages.  Finally, First Horizon asks that the quantum meruit claim be dismissed or, in the alternative, that TAG be required to replead the facts and elements of its quantum meruit theory.

A.  Standard for Dismissal Under Rule 12(b)(6)

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  There are two primary principles that guide the court's determination of whether dismissal under Rule 12(b)(6) should be granted.  First, a motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the nonmovant could prove no set of facts in support of its claims that would entitle it to relief.  *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994); see also *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (*citing* 5B WRIGHT & MILLER § 1357 at 598 (1969), for the proposition that "the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted"), *cert. denied*, 459 U.S. 1105 (1983).  Second, the court must accept all well-pleaded facts as true and view them in the light most favorable to the nonmovant.  See *Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir. 1994); *Norman v. Apache Corporation*, 19 F.3d

1017, 1021 (5th Cir. 1994); *Chrissy F. by Medley v. Mississippi Department of Public Welfare*, 925 F.2d 844, 846 (5th Cir. 1991). However, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). In addition, a court must not look beyond the pleadings when determining whether a complaint states a claim upon which relief may be granted. *Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc.*, 690 F.2d 489, 499-500 (5th Cir. 1982), *cert. denied*, 464 U.S. 932 (1983).

B. Fraud Claim

A complaint need only recite a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). When, however, a defendant is charged with fraudulent activity, the plaintiff must state with particularity the circumstances constituting fraud. FED. R. CIV. P. 9(b).[1] Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The Fifth Circuit interprets Rule 9(b) strictly, requiring the plaintiff to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and

---

[1] As the Fifth Circuit has noted, the purpose of the heightened pleading standard of Rule 9(b) is to provide defendants with fair notice of the plaintiffs' claims, protect defendants from harm to their reputation and goodwill, reduce the number of strike suits, and prevent plaintiffs from filing baseless claims in an attempt to discover unknown wrongs. *Tuchman v. DSC Communications Corporation*, 14 F.3d 1061, 1067 (5th Cir. 1994).

explain why the statements were fraudulent." *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir.), *cert. denied*, 522 U.S. 966 (1997); *Nathenson v. Zonagen Inc.*, 267 F.3d 400, 412 (5th Cir. 2001); see also *Benchmark Electronics, Inc. v. J.M. Huber Corporation*, 343 F.3d 719, 724 (5th Cir. 2003) (stating that Rule 9(b) requires the plaintiff to lay out "the who, what, when, where, and how" of the alleged fraud). If the facts pleaded in a complaint are within the opposing party's knowledge, fraud pleadings may be based on information and belief. See *Tuchman*, 14 F.3d at 1068.

Rule 9(b) permits a plaintiff to allege generally the defendant's intent to commit fraud. FED. R. CIV. P. 9(b) ("Malice, intent, knowledge, and other condition of mind of a person may be averred generally."). A mere allegation that the defendant had the requisite intent, however, will not satisfy Rule 9(b). *Melder v. Morris*, 27 F.3d 1097, 1102 (5th Cir. 1994); *Tuchman*, 14 F.3d at 1068. To adequately plead fraudulent intent, the plaintiff must set forth specific facts that support an inference of fraud. *Tuchman*, 14 F.3d at 1068. The factual background adequate for an inference of fraudulent intent can be satisfied by alleging facts that show the defendant's motive. See *id*.

Dismissal of a fraud claim for failure to plead the claim with particularity under Rule 9(b) is treated as a dismissal for failure to state a claim under Rule 12(b)(6). See *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). However, if it appears that a more carefully drafted pleading might state a claim upon

which relief could be granted, the court should give the claimant an opportunity to amend it claim rather than dismiss it.  *Kennard v. Indianapolis Life Insurance Company*, 420 F. Supp. 2d 601, 608-09 (N.D. Tex. 2006) (Fish, C.J.); see also *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985).  Furthermore, leave to amend a pleading should be freely given and should be granted unless there is some justification for refusal.  *Willard*, 336 F.3d at 386.

First Horizon asserts that TAG failed to plead fraud with the specificity required by Rule 9(b) because the petition refers to misrepresentations and omissions without specifying the speaker, time, place, or specific content.  Brief in Support of Defendant First Horizon National Corporation's Motion to Dismiss ("Motion to Dismiss") at 4.  TAG does not clearly specify a time or place of these allegedly fraudulent representations.  *See* Petition at 6-7.  Additionally, the petition's allegation that "First Horizon, by and through its employees" made the fraudulent representations is insufficient under Rule 9(b) to identify the speaker.  *See* Petition at 6.  Finally, the content of the representations have not been pleaded specifically; TAG merely alleges that First Horizon represented that it would provide information to TAG and that these representations were false but does not allege how these representations were false.  Petition at 6-7.  These general statements regarding the content of the misrepresentations are insufficient to provide fair notice of the

allegations to First Horizon. However, it is possible that a more specific pleading may cure this deficiency.

Therefore, First Horizon's motion to dismiss the fraud claim is granted, but with leave to TAG to replead. First Horizon's alternative motion for a more definite statement is denied. TAG shall have leave to replead, within 20 days of this date and in accordance with this memorandum opinion and order, its claims against First Horizon to satisfy the heightened pleading standard required by Rule 9(b).

### C. Fraud claim barred by contract claim

First Horizon also contends that TAG's fraud claim is barred because the cause of action sounds in contract. In *Southwestern Bell Telephone Company v. DeLanney*, 809 S.W.2d 493, 494-95 (Tex. 1991), the Texas Supreme Court held that a cause of action for negligence could not be based on an allegation that a party failed to perform duties subsumed in a contract because that action sounded in contract rather than tort. When deciding if a tort claim, in addition to a breach of contract claim, is appropriate, the Court considers both the source of the defendant's duty to act (whether it arose solely out of the contract or from some common-law duty) and the nature of the remedy sought by the plaintiff.[2] *Crawford v. Ace Sign, Inc.*, 917 S.W.2d

---

[2] If the defendant's conduct would give rise to liability independent of the fact that a contract exists between the parties, then the plaintiff's claim may also sound in tort. Conversely, if the defendant's conduct would give rise to liability only because it breaches the parties' agreement, the plaintiff's claim ordinarily sounds only in contract. *DeLanney*, 809 S.W.2d at 494.

12, 13 (Tex. 1996). If the injury is only the economic loss to the subject of a contract itself, then the action sounds in contract alone. *DeLanney*, 809 S.W.2d at 494-95 (quoting *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex.1986)).

The Texas Supreme Court has recognized an exception to the rule in *DeLanney*. See *Formosa Plastics Corporation USA v. Presidio Engineers and Contractors, Inc.*, 960 S.W.2d 41, 46 (Tex. 1998).[3] As a general rule, one party's failure to perform the terms of a contract is a breach of contract, not a tort; however, if one party enters into a contract with no intention of performing, that misrepresentation may give rise to an action in fraud. *Crim Truck & Tractor Company v. Navistar International Transportation Corporation*, 823 S.W.2d 591, 597 (Tex.1992). "[T]ort damages are recoverable for a fraudulent inducement claim irrespective of whether the fraudulent representations are later subsumed in a contract or whether the plaintiff only suffers an economic loss related to the subject matter of the contract." *Formosa*, 960 S.W.2d at 47. Allowing for the recovery of fraud damages sounding in tort only when a plaintiff suffers an injury that is distinct from the economic losses recoverable under a breach of contract claim is inconsistent with well-established law.[4] *Id.* Therefore, if a plaintiff presents legally sufficient evidence on each of the elements of

---

[3] The Fifth Circuit has also recognized the *Formosa* fraud exception. *Imperial Premium Finance, Inc. v. Khoury*, 129 F.3d 347, 352 (5th Cir. 1997).

[4] Additionally, this restriction ignores the fact that an independent legal duty, separate from the existence of the contract itself, precludes the use of fraud to induce a binding agreement. *Formosa*, 960 S.W.2d at 47.

a fraudulent inducement claim, any damages suffered as a result of the fraud sound in tort. *Id.*

Currently, TAG claims that First Horizon knowingly made false representations as to material facts and knowingly concealed material information from TAG with the intent of "inducing [TAG] to provide valuable advice and assistance." Petition at 7. Additionally, TAG claims that First Horizon had no intention of performing the agreement and asks for punitive damages in addition to the economic loss. *Id.* Accordingly, the motion to dismiss the fraud claim because it is barred by the contract claim is denied.

### D.  Punitive Damages

As a continuation of its arguments regarding dismissal of the fraud claim, First Horizon moves for the court to dismiss TAG's claim for exemplary damages. That is, First Horizon argues that in the absence of the fraud claim, exemplary damages cannot be awarded. TEX. CIV. PRAC. & REM. CODE § 41.003. Because the fraud claim has been dismissed with leave to replead, TAG's claim for exemplary damages is also dismissed with leave to replead.

### E.  Quantum Meruit Claim

First Horizon asserts that TAG's quantum meruit claim should be dismissed because TAG seeks to recover exclusively for damages under the contract. Motion to Dismiss at 7. Under Texas law, a quantum meruit claim must include proof that:

> 1) valuable services were rendered or materials furnished; 2) for the person sought to be charged; 3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him; 4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged.

*Bashara v. Baptist Memorial Hospital System*, 685 S.W.2d 307, 310 (Tex. 1985) (quoting *City of Ingleside v. Stewart*, 554 S.W.2d 939 (Tex. Civ. App.--Corpus Christi 1977, writ ref'd n.r.e.)). "In general under Texas law, a party seeking to recover for services rendered will only be able to recover under quantum meruit when there is no express contract between the parties." *U.S. Quest Ltd. v. Kimmons*, 228 F.3d 399, 406 (5th Cir. 2000) (citing *Truly v. Austin*, 744 S.W.2d 934, 936 (Tex.1988)). Accordingly, the plaintiff may not recover under the general rule of quantum meruit if the claim fits within the subject matter of the parties' contract. See *id*. However, the *Truly* court recognized two exceptions to the general rule for recovery in quantum merit: (1) when "a plaintiff has partially performed an express contract but, because of the defendant's breach, the plaintiff is prevented from completing the contract"; and (2) when a plaintiff partially performs an express contract that also happens to be unilateral in nature. *Id*. at 936-37.

The contract entered into by both parties on May 10, 2006, was an express contract whereby TAG agreed to "provide services to Defendant with the goal of reducing Defendant's telecommunications costs." Petition at 2. This agreement

makes quantum meruit unavailable unless one of the *Truly* exceptions applies. TAG alleges that First Horizon's actions prevented it from completing its duties under the agreement, and that First Horizon has benefitted from TAG's work to date. Petition at 5. First Horizon does not contend that the contract was fully performed or that TAG's quantum meruit claim does not fall under the first *Truly* exception. Brief at 7. Thus, First Horizon has failed to prove that there is no possible set of facts upon which TAG can prevail on its claim of quantum meruit based on the first *Truly* exception, and First Horizon's motion to dismiss must be denied.

First Horizon alternatively asks that TAG be required to replead the quantum meruit claim. However, TAG's pleading is sufficiently specific to give fair notice and allow for First Horizon to frame a responsive pleading to the quantum meruit claim. Because TAG has provided a short and plain statement of the claim which addresses each of the four required elements, First Horizon's motion for TAG to replead its quantum meruit claim is denied.

### III.  CONCLUSION

For the reasons stated above, First Horizon's motion to dismiss the fraud claim is **GRANTED**. First Horizon's motion for a more definite statement regarding the fraud claim is **GRANTED**. TAG is **ORDERED** to serve and file electronically, **within twenty (20) days from the date of this memorandum opinion and order**, an amended complaint to replead the fraud claim in accordance with this opinion.

Failure to replead will result in the dismissal, without further notice, of the plaintiff's fraud claim and punitive damages claim. First Horizon's motion to dismiss is **DENIED** in all other respects. The motion for a more definite statement of the fraud claim and quantum meruit claim is **DENIED**.

    **SO ORDERED**.

July 6, 2007.

_____
A. JOE FISH
CHIEF JUDGE